FILED
U.S. DISTRICT COURT
2013 OCT 24 A 10: 14
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN GARCIA<br><br>Defendant, | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:12-CR-00572 DB |
|---|---|

This matter is before the court on defendant's motion to dismiss for the government's violation of the Speedy Trial Act (the "Act"). (Dkt. No. 93.) Having considered the parties' memoranda, and the relevant law, the court enters the following Memorandum Decision and Order.

## DISCUSSION

The United States concedes that the statutory period under the Act has run.[1] Therefore, defendant's motion is GRANTED.

---

[1] Although the parties dispute the calculation of relevant dates under the Act, the court's decision does not rely on these arguments. Defendant argues that the Act's time limitation was exceeded by eighty-three days, whereas the government argues that it was only exceeded by one day. Even though the date calculations are not essential to this decision, if the court were to adopt the defendant's claim that eighty-three days had passed, it would work against the defendant, for "a defendant that lets the time run without asserting his rights under the Act has less of a claim to a dismissal with prejudice than a defendant who makes a timely assertion, but is unheeded." United States v. Toombs, 713 F.3d 1273, 1281 (10th Cir. 2013) (quoting United States v. Jones, 213 F.3d 1253, 1257 (10th Cir. 2000)). Here, it is notable that the defendant only brought his motion after the government notified him that the seventy-day time limitation had passed.

The only matter in dispute is whether to dismiss the case with or without prejudice. In deciding this question, the court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2).

### I. The Seriousness of the Offense

First, in evaluating the defendant's motion, the court should look to the seriousness of the offense. Here, the court finds the drug trafficking charge against the defendant to be a serious offense. See United States v. Toombs, 713 F.3d 1273, 1280 (10th Cir. 2013). This factor weighs in favor of dismissal without prejudice.

### II. The Facts and Circumstances of the Case

Next, in assessing the second factor, the court should consider "the culpability of the delay-producing conduct." Id. Additionally, where the government is guilty of "intentional dilatory conduct, or a pattern of neglect . . . dismissal with prejudice is the appropriate remedy." Id. Here, the evidence establishes that much of the delay-producing conduct was by the defendant, whether through his need to deal with other charges in state court, his dissatisfaction with his original attorney, which led to an appointment of new counsel who needed additional time to review discovery, or the failure by all parties to exclude the time needed by the new attorney to review discovery under the Act. While the government was admittedly careless in not noticing that the defendant's motions for extensions of time did not include provisions to exclude time under the Act, such carelessness does rise to the level of exhibiting a "pattern of neglect or intentional delay." See id. Instead, the government's conduct was typified by a pattern of ongoing accommodation for the needs of the defendant. Accordingly, this factor weighs in favor of dismissal without prejudice.

### III. The Impact on the Administration of Justice

Finally, in assessing the third factor, the court should again consider "whether the delay caused by the government was intentional," and additionally look to "the prejudice suffered by the defendant from the Act's violation." Id. at 1281. Here, the defendant has presented no facts to show that he would be prejudiced by a dismissal without prejudice. On the contrary, most of the delay appears to have benefitted defendant in some way by giving him time to address the needs of his case. Additionally, the defendant would have been incarcerated in any case in light of his November, 2012, state sentence of at least one year. Thus, similar to the first two factors, this factor weighs in favor of dismissal without prejudice.

### CONCLUSION

Because of the seriousness of the defendant's drug trafficking offense, the culpability of the defendant in contributing to the delay, and the lack of prejudice against the defendant, the court concludes that this case should be dismissed without prejudice. Accordingly, defendant's motion is GRANTED, and the case is DISMISSED without prejudice.

DATED this 23rd day of October, 2013.

Dee Benson
United States District Judge